United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Joel A. Horta Suarez, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-cv-22542-Scola |
| | ) | |
| Internal Revenue Service, Defendant. | ) | |

## Order Denying Motion to Proceed in Forma Pauperis and Dismissing Complaint With Leave to Amend

Theis cause comes before the Court upon Plaintiff Joel A. Horta Suarez's motion for leave to proceed in forma pauperis. (ECF No. 3.) For the reasons stated below, the Plaintiff's motion is **denied**, and the complaint is dismissed with leave to amend.

### 1. Background

The Plaintiff, proceeding pro se, filed this action against the Internal Revenue Service ("IRS"). The Plaintiff alleges that "this is an action for demand of payment and refund from the IRS and the U.S. Government due to need of adjustment for overpaid taxes…" (ECF No. 1.) The complaint alleges that the Plaintiff has suffered $500,000,000 in damages as result of the IRS's failure to refund him, as well as for breach of contract and violation of antitrust laws. The Plaintiff also moves to proceed in forma pauperis and represents that he meets the poverty requirements of 28 U.S.C. § 1915. (ECF No. 3.) The Plaintiff also filed an emergency motion for disbursement of prejudgment remedies in the amount of $250,000.

### 2. Analysis

#### A. Forma Pauperis Application

Permission to proceed in forma pauperis is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). A court "may authorize the commencement … or prosecution of any suit, action or proceeding … or appeal therein, without the prepayment of fees … therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees.…" 28 U.S.C. § 1915(a)(1). Section 1915 requires a determination as to whether "the

statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

The Plaintiff's motion represents that he is a self-employed entrepreneur, and that he has received income from his business. The Plaintiff explains that the proceeds from his business "are not subject to liquidity claims/cash at this time" because they are in the form of unregistered securities. The Plaintiff has $50 in his checking account. The motion indicates that the Plaintiff receives $500 per month from his former spouse. Upon review, the Court finds that the Plaintiff has satisfied the financial requirements to proceed in forma pauperis in this matter. Indeed, the Plaintiff need not prove he is destitute to proceed in forma pauperis. *Jones v. Lee Cty. Dep't of Hum. & Veteran Servs.*, No. 2:17-CV-427-FTM-29CM, 2018 WL 6620268, at *1 (M.D. Fla. Feb. 2, 2018) (Middlebrooks, J.) (citing *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)).

### B. 28 U.S.C. § 1915(e)(2) Screening

Even if an application for leave to proceed in forma pauperis demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of the Plaintiff's claims. *See* 28 U.S.C. § 1915(e)(2) (recognizing that the court must also determine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."). Notably, a "court may dismiss an action if the complaint is patently frivolous or if amendment would be futile." *Harris v. Buckhorn*, 545 F. App'x 862, 863 (11th Cir. 2013).

The complaint seeks reimbursement of alleged income tax overpayments in connection with his tax payments between 2012-2020. (ECF No. 1.) Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1).

A requirement for maintaining such a suit in court is the timely filing of a claim for refund or credit with the IRS. 26 U.S.C. § 7422(a); *United States v.*

*Dalm*, 494 U.S. 596, 608 (1990). The time for submitting such claim is "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). Here the complaint is silent as to any of these points and instead lumps the years for which the Plaintiff seeks reimbursement, making it impossible for the Court to discern the timeliness of his claim.

Additionally, the complaint must be dismissed because the Plaintiff has failed to allege whether he has exhausted his administrative remedies. *Davis v. I.R.S.*, No. 618CV2052ORL40LRH, 2019 WL 11502803, at *3 (M.D. Fla. Oct. 30, 2019) (Hoffman, J.), *report and recommendation adopted*, No. 618CV2052ORL40LRH, 2019 WL 11502848 (M.D. Fla. Nov. 19, 2019) (Byron, J.). Indeed, the complaint is silent as to whether the Plaintiff submitted a claim to the IRS, for what years, whether that claim was denied, and if that claim was subsequently appealed.

Lastly, the Plaintiff claims seeks damages for breach of contract and antitrust violations yet fails to allege any facts whatsoever regarding either claim. It is unclear what contract or contracts were breached and how the IRS violated antitrust laws.

### 3. Conclusion

For these reasons, the Plaintiff's motion to proceed in forma pauperis is **denied without prejudice (ECF No. 3.)** and the complaint is dismissed with leave to amend. The Plaintiff may file an amended complaint by no later than **August 18, 2021**. Failure to do so may result in the dismissal of this action.

The Clerk of the Court is directed to mail a copy of this order to the pro se Plaintiff at hortasuarezioela@gmail.com. **The Plaintiff is directed to update his residential address in the forthcoming complaint.**

**Done and ordered** in chambers at Miami, Florida on July 21, 2021.

_____
Robert N. Scola, Jr.
United States District Judge