United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Joel A. Horta Suarez, Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-cv-22542-Scola |
| Internal Revenue Service, Defendant. | ) ) | |

## **Omnibus Order**

  This cause comes before the Court upon Plaintiff Joel A. Horta Suarez's motion seeking to set aside the order of dismissal (ECF No. 13), motion for appointment of United States Marshal Service to serve the complaint and summons on the Defendants (ECF No. 15), a motion for permission to file documents electronically (ECF No. 16), motion for leave to file supplemental information regarding the Plaintiff's financial status (ECF No. 17), motion for certification of emergency (ECF No. 20), and a motion for emergency prejudgment relief (ECF No. 21.). For the reasons stated below, the Plaintiff's motions are **denied**, and the amended complaint is **dismissed**.

  The Plaintiff, proceeding pro se, filed this action against the Internal Revenue Service ("IRS"), the United States Government, H&R Block, and RR Accounting Services for failure to provide accounting services and failure to issue accurate refunds or payments to the Plaintiff. The Plaintiff also moved to proceed in forma pauperis and represents that he meets the poverty requirements of 28 U.S.C. § 1915. (ECF No. 3.) The Plaintiff also filed an emergency motion for disbursement of prejudgment damages. (ECF No. 5.)

  After careful consideration, the Court denied the Plaintiff's motion to proceed in forma pauperis. The Court explained that although the Plaintiff had demonstrated indigency, the complaint failed to state a claim and was due to be dismissed. (ECF No. 10.) The Court noted that the complaint was silent as to the time frames for which it sought damages and why the statute of limitations did not bar the claims against the IRS. Additionally, the complaint was silent as to whether the Plaintiff exhausted administrative remedies or why he was excused from doing so. Lastly, the complaint alleged a breach of contract claim but failed to identify the parties to the contract, the terms that had been breached and by whom, and how the breaches resulted in damages to the Plaintiff. The Court afforded the Plaintiff the opportunity to file an amended complaint curing the deficiencies identified in its order. The Court

also denied the Plaintiff's emergency motion as moot because it was premised on a deficient complaint. (ECF No. 18.)

Instead of filing an amended complaint, the Plaintiff filed a motion seeking to set aside the order of dismissal (ECF No. 13), a motion for appointment of United States Marshal Service to serve the complaint and summons on the Defendants (ECF No. 15), a motion for permission to file documents electronically (ECF No. 16), and motion for leave to file supplemental information regarding the Plaintiff's financial status (ECF No. 17.) A week later, the Plaintiff filed an amended complaint (ECF No. 19), a certification of emergency (ECF No. 20), and a motion for emergency prejudgment relief (ECF No. 21.).

Turning first to the Plaintiff's motion to set aside the order of dismissal, the motion fails to set forth any reason for reconsideration of the Court's earlier order dismissing the complaint. The motion cites a litany of statutes without any apparent connection to the Plaintiff's arguments or claims alleged in the complaint and reargues that the Plaintiff is indigent, despite the Court's earlier finding of same. For these reasons, the motion to set aside is **denied**. **(ECF No. 13.)** Relatedly, the Plaintiff's motion to file supplemental information regarding his indigency is **denied as moot** because the Court already found that he has satisfied the indigency requirements of 28 U.S.C. § 1915(a)(1). **(ECF No. 17.)**

The Plaintiff's motion for leave to file electronically is **denied**. **(ECF No. 16.)** Pursuant to Section 2C of the CM/ECF Administrative Procedures, pro se litigants are not permitted to file electronically and must file their documents in the conventional manner. Pro se litigants interested in receiving notices and filed documents electronically must file the form "Consent by Pro Se Litigants (Non-Prisoner) to Receive Notice of Electronic Filing" which can be found on the Court's website. To the extent the Plaintiff is having difficulties completing this form or accessing CM/ECF, he is directed to contact the Clerk's Office to seek additional assistance. The Court notes that the Plaintiff claims that there is an issue with a "Court Reporter Role" designation that is preventing him from accessing the electronic docket. The Plaintiff is not a court reporter in this case (if at all) and may address this issue with the Clerk of the Court.

The Plaintiff's motions for appointment of United States Marshal Service to serve the complaint and summons on the Defendants and motion for emergency prejudgment relief are **denied** because the amended complaint is deficient. **(ECF Nos. 15, 20, 21.)**

The amended complaint alleges that the Plaintiff entered into a contract with Patak Trading Partners, LLC ("Patak") for banking or investment services. (ECF No. 19 at 14.) Patak breached the contract between the parties, unlawfully intruded into the Plaintiff's privacy, and stole trade secrets and

property from the Plaintiff. (ECF No. 15-16.) It is unclear what the terms of the contract were, the way Patak breached that contract, and what trade secrets or property was stolen. Thus, the amended complaint fails to state a claim against Patak.

The Plaintiff also brings claims against H&R Block and RR Accounting Services for refusing to provide its accounting services to the Plaintiff from 2011 through 2018. (*Id.* at 17-18.) The Plaintiff claims he suffered economic and non-economic damages as a result of their misconduct. Without more, the Court is unable to decipher the merit of the Plaintiff's claims. The amended complaint does not allege why the Plaintiff believes he was denied services, what legal authority requires that the Defendants provide him accounting services, or how the Plaintiff was economically harmed. Even more concerning is that the Plaintiff travels under the assumption that had he received accounting services he would have been financially better off without advancing *any* facts supporting that contention.

Lastly, the amended complaint alleges that the IRS and the United States Government are liable to the Plaintiff because they failed to monitor or require H&R Block and RR Accounting to provide the Plaintiff accounting services. (*Id.* at 19.) The Plaintiff does not set forth any facts that establish a relationship between the IRS or United States Government such that those entities could force the accounting Defendants to provide services to the Plaintiff.

In sum, the amended complaint fails to allege sufficient facts against any Defendant that would state a claim for relief. The amended complaint cites a list of federal and state statutes but does not set forth sufficient information to state a violation. For these reasons, the Plaintiff's remaining motions are **denied,** and the amended complaint is **dismissed**. (**ECF Nos. 15, 20, 21.**) The Plaintiff has not set forth sufficient facts that indicate that a second amendment would be appropriate in this case. Nor has the Plaintiff requested that the Court afford him a third opportunity to state a claim. Accordingly, the Clerk of the Court is directed to **close** this case.

The Clerk of the Court is directed to mail a copy of this order to the pro se Plaintiff at hortasuarezioela@gmail.com.

**Done and ordered** in chambers at Miami, Florida on August 9, 2021.

_____
Robert N. Scola, Jr.
United States District Judge